UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINIC V. PULLANO,

                              Plaintiff,

                                                                                 DECISION AND ORDER

                                                                                 03-CV-6313L

                        v.

UBS/PAINE WEBBER, INC.,

                              Defendant.
_____

      On June 29, 2006, Magistrate Judge Jonathan W. Feldman issued an Order in this case concerning the scheduling of certain pending discovery motions (Dkt. #45). Plaintiff, Dominic V. Pullano, has appealed from that Order insofar as it provides that "no further motions regarding discovery issues shall be filed with the Court."

      Under the relevant statute, 28 U.S.C. § 636(b)(1)(A), and Rule 72(a) of the Federal Rules of Civil Procedure, reversal of a Magistrate Judge's pretrial discovery order is warranted only if it is "clearly erroneous or contrary to law." The party seeking to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part because the Magistrate Judge is afforded broad discretion in these matters. *See American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 371 F.Supp.2d 358, 360 (W.D.N.Y. 2005); *Derthick v. Bassett-Walker, Inc.*, No. 90 Civ. 5427, 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992).

Under the clearly-erroneous standard of review, reversal is warranted only if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela*, No. 02 Civ. 0795, 2005 WL 551092 (S.D.N.Y. 2005).

Plaintiff has not established that he is entitled to relief under that stringent standard. It appears that plaintiff is largely responsible for discovery having dragged on as long as it has in this action, and that Magistrate Judge Feldman has been more than patient in attempting both to resolve the numerous discovery disputes that have arisen and to keep the case moving forward.

Nevertheless, in recognition of the possibility that previously-unforeseen, extraordinary circumstances might arise that could warrant further discovery, and therefore additional discovery-related motions, I will modify Magistrate Judge Feldman's Order to provide that no further motions concerning discovery shall be filed in this case except upon a showing of good cause. Any such application shall be presented to Magistrate Judge Feldman in the first instance. *See Gray v. Darien*, 927 F.2d 69, 74 (2d Cir. 1991) (setting forth good-cause standard for reopening discovery).

**CONCLUSION**

Plaintiff's appeal (Dkt. #46) of the Order of Magistrate Judge Feldman entered on June 29, 2006 (Dkt. #45) is granted in part and denied in part. Paragraph (4) of Magistrate Judge Feldman's Order is modified to read "that no further motions regarding discovery issues shall be filed with the

Court except upon a showing of good cause." As modified, the Order is affirmed. In all other respects, plaintiff's appeal is denied.

    IT IS SO ORDERED.

                                              _____
                                                  DAVID G. LARIMER
                                              United States District Judge

Dated: Rochester, New York
       October 17, 2006.