UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINIC V. PULLANO,

                              Plaintiff,

                                                                                <u>DECISION AND ORDER</u>

                                                                                 03-CV-6313L

       v.

UBS/PAINE WEBBER, INC.,

                              Defendant.
_____

      By Decision and Order entered March 21, 2007 ("Magistrate Judge's Order"), United States Magistrate Judge Jonathan W. Feldman granted defendant's motion for a protective order, precluding the deposition of Mark Sutton, former President and CEO of defendant, and also denied plaintiff's cross-motion to compel answers to interrogatories and for sanctions.

      Plaintiff has filed objections to the Magistrate Judge's Order and the matter, therefore, is before this Court for review. Both sides have submitted affidavits, memoranda and exhibits relating to their respective positions concerning the Magistrate Judge's Order.

      As the parties acknowledge, the standard of review before this Court is somewhat limited. Contrary to the standard as to some matters, this is not a *de novo* review. Rather, pursuant to statute, 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a), review and modification is appropriate only if

the appealed from decision is clearly erroneous and contrary to law.  I find no such defect in the Magistrate Judge's Order.  Magistrate Judge Feldman's careful decision set forth ample authority and reason to grant the protective order and deny the plaintiff's relief.  There clearly was a basis for that and such a decision is not clearly erroneous or contrary to law.

Concerning the requested deposition of Mark Sutton, Magistrate Judge Feldman determined that the request was unwarranted and not likely to produce any relevant information.  Magistrate Judge Feldman set forth the considerations involved in dealing with requests to depose high-level officials of large corporations.  His analysis is correct, and I believe this is the type of circumstance that warrants denial of a deposition.

Concerning the several discovery requests that were denied by Magistrate Judge Feldman, the Magistrate Judge acted well within his discretion in this case which has been pending for four years and has involved extensive discovery.  Magistrate Judge Feldman's characterization of the discovery requests, their timing, and their extensive nature, warranted the Magistrate Judge's decision barring further discovery.  Such a decision certainly cannot be characterized as clearly erroneous or contrary to law.

Finally, Magistrate Judge Feldman denied plaintiff's request for sanctions and that appears appropriate and, in fact, plaintiff has not challenged that on review here.

I have carefully reviewed all of the matters filed relating to defendant's objections to the Magistrate Judge's Order, and I see no basis to reverse or modify that Order.  Plaintiff has failed to demonstrate that the Magistrate Judge's Order was clearly erroneous or contrary to law.

CONCLUSION

Plaintiff's Objections (Dkt. # 61) to Magistrate Judge Jonathan W. Feldman's Decision and Order of March 21, 2007, are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 29, 2007.